```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA        :
                                :    NO. 1:05-CV-00025(12)
                                :
    v.                          :    **OPINION & ORDER**
                                :
                                :
                                :
MOHAMMED AL-BARBARAWI           :
                                :
                                :
                                :

This matter is before the Court on the Defendant Mohammed Al-Barbarawi's (hereinafter "Al-Barbarawi") Motion for Relief from Prejudicial Joinder (doc. 169), the Response of the United States to Defendant's Motion for Severance (doc. 182), and the Reply to Government's Response to Defendant's Motion for Relief from Prejudicial Joinder (doc. 186).

**FACTS**

Al-Barbarawi is one of several co-conspirators who allegedly were involved in the illegal/fraudulent production of renewable Ohio Driver Licenses and Ohio Identification Documents (doc. 182). Al-Barbarawi's alleged role in the conspiracy involved his contacting another defendant who arranged the illegal obtainment of an identification card to which Al-Barbarawi was not entitled (Id.). Ultimately, Al-Barbarawi was charged with Conspiracy to Commit Fraud in Connection with Identification Documents as well as falsely representing himself as a citizen of

the United States (Id.).

**ANALYSIS**

Al-Barbarawi notes that the Federal Rules of Criminal Procedure provide relief from prejudicial joinder "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government" (doc. 169 quoting Fed. R. Crim. P. 14)). Rule 14 further states that in those situations where joinder apparently will prejudice a defendant "the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires" (Id.). Al-Barbarawi cites United Stats v. Licavoli, 725 F.2d 1040 (6th Cir. 1984) which found that Rule 14 permits severance where substantial prejudice will result to an individual who is tried jointly with others. Licavoli at 1051. A strong showing of prejudice must be demonstrated by a defendant seeking severance. United States v. Scaife, 749 F.2d 338, 344. Such showing must be made by demonstrating that the jury will be unable to separate and treat distinctively evidence that is relevant to each particular defendant on trial. Id. at 344-45.

The Supreme Court, as aptly noted by Al-Barbarawi, has described this standard and the circumstances under which it is appropriate to grant a request for severance. The Supreme Court has stated:

> We believe that, when defendants properly have been joined under Rule 8(b), a district court

> should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

Zafiro v. United States, 506 U.S. 534, 539 (1993). The Sixth Circuit has analyzed Zafiro noting:

> The rule leaves the determination of the risk of prejudice and appropriate remedy, if any, to the sound discretion of the trial judge. The district court's determination in this area is thus entitled to great deference. Often, a measure less drastic than a separate trial will suffice to cure any potential risk of prejudice. For example, in many cases a limiting instruction will be sufficient.

Id. at 539.

Al-Barbarawi argues that application of this standard should result in the grant of his Motion for Severance (doc. 169). In support of this argument, Al-Barbarawi notes that he is the only one of the nine co-defendants charged in the superseding indictment who, as the Government has acknowledged, was not "out of status" at the time of the alleged conduct (Id.). Al-Barbarawi contends he would be unduly prejudiced by having to

defend himself in the same proceeding where all other defendants charged with obtaining identity cards and driver's licenses under false pretenses were illegally present in the United States or had otherwise violated their immigration status (Id.). Accordingly, argues Al-Barbarawi, he bears a degree of culpability that "is markedly different from that of" the other defendants because these other defendants allegedly were in violation of relevant immigration law whereas Al-Barbarawi was not (Id.).

Furthermore, avers Al-Barbarawi, among the six defendants charged in the superseding indictment of conspiring to obtain Ohio identity cards or driver licenses, Al-Barbarawi is the only one who presented valid and appropriate documents to the Ohio BMV when he obtained his Ohio Identity Card (Id.). Al-Barbarawi maintains that this is an affirmative defense - namely, that he presented valid and appropriate documents truthfully and accurately stating his immigration status that the other defendants do not have (Id.). This, avers Al-Barbarawi, will tend to confuse the jurors and prevent them from making a reliable judgment about guilt or innocence (Id.). Al-Barbarawi argues that his use of a valid I-551 Permanent Resident Card and a valid USCIS-issued Social Security card bearing the legend "VALID FOR WORK ONLY WITH INS AUTHORIZATION" explicitly refutes the Government's assertion in Count 6 of the indictment that "Mohammed Al-Barbarawi knowingly and willingly represented himself to be a citizen of the United States"

(Id.). Al-Barbarawi contends that the very act of presenting such documents creates "an incontrovertible declaration by the bearer that he or she is *not* a citizen of the United States, but is instead an *immigrant* to the United States who has been accorded resident status" (Id. emphasis in original). As such, Al-Barbarawi concludes that he bears a degree of culpability disparate than that of the other defendants (Id.). This urges Al-Barbarawi is reason for severance - "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability" (Id. quoting Zafiro).

Al-Barbarawi also argues that the Ohio driver's license that was issued to him on August 12, 2004 bore an expiration date of April 23, 2005, a period of less than six months (Id.). This is significant, maintains Al-Barbarawi, as Count 5 of the indictment charges Al-Barbarawi of having made false representations in order "to obtain a renewable Ohio driver's license to which he was not entitled" (Id.). Thus, maintains Al-Barbarawi, he did not seek a renewable driver's license; rather, he sought an Ohio driver's license that was valid for no more than the absolute minimum period of time authorized by Ohio law (Id.). Al-Barbarawi highlights that all other defendants who obtained driver's licenses illegally, as alleged in the indictment, received licenses with much longer expiration dates than the one obtained by Al-Barbarawi (Id.). Again, argues Al-Barbarawi, his degree of

culpability is significantly dissimilar to the other defendants and; accordingly, severance is appropriate (Id.).

Al-Barbarawi also argues that the Government has announced its intentions to use at trial what it alleges to be Al-Barbarawi's "prior use of other identities" (Id.). The Government, avers Al-Barbarawi, does not plan to use any such evidence against any of the other defendants (Id.). Furthermore, Al-Barbarawi argues that the Government intends to introduce evidence of his alleged domestic violence; none of the other defendants will be required to defend against such allegations (Id.). Lastly, Al-Barbarawi notes that an additional defendant has been added to the superseding indictment with the same surname, "Albarbarawi" and four of the ten defendants share Al-Barbarawi's first name (Id.). All of these factors, maintains Al-Barbarawi, will tend to confuse the jurors and prevent them "from making a reliable judgment about guilt or innocence" (Id.).

The Government responds arguing that a presumption exists which favors joint trials (doc. 182 citing United States v. Lane, 474 U.S. 438 (1986). Lane states "joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." Lane at 449 (internal citations omitted). The Government notes that the federal system prefers those who are indicted together be tried together (doc. 182 citing Zafiro at 537-38). In

United States v. Smith, 197 F.3d 225 (6th Cir. 1999), the court stated: "In order to escape the general rule, the defendant must carry the heavy burden of showing specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials." Id. at 1207.  Furthermore, the Sixth Circuit has emphasized that: "there is a strong policy in favor of joint trials when charges will be proved by the same series of acts . . . and there is a presumption that the jury will be able to sort out the evidence applicable to each defendant and render its verdict accordingly."  United States v. Horton, 847 F.2d 313, 317 (6th Cir, 1988).

The Government disputes Al-Barbarawi's claim that he is "the only person the government acknowledges was not out of status at the time of the conduct charged" (doc. 182).  The Government notes that the indictment shows that both defendants Alhasasneh and Raya both had "status" in the United States at the time they illegally obtained their licenses (Id.).  As such, the Government maintains, that Al-Barbarawi's first reason to grant a severance is without merit (Id.).  Additionally, the Government denies that it ever acknowledged that Al-Barbarawi was the only defendant who "presented appropriate documents" to obtain his identification card (Id.).  The Government maintains that Al-Barbarawi obtained his identification fraudulently in a similar manner as the remaining defendants - this weighs in favor of a

joint trial, argues the Government (Id.).

The Government argues that Al-Barbarawi's "reference to the short period of putative validity of his fraudulently obtained driver's license as having some bearing on his motion for severance . . . [i]s completely irrelevant to whether . . . [he] procured such license without lawful authority" (Id.). What is important, maintains the Government, is that Al-Barbarawi procured an identification card under false pretenses (i.e., by falsely claiming United States' citizenship) like his co-defendants (Id.). The Government also avers that Al-Barbarawi's objections to the Government's potential use of evidence regarding Al-Barbarawi's previous use of other identities and of his domestic violence is premature (Id.). The Government aptly notes that the relevance of this evidence will be argued at the appropriate stage of the proceedings and the Court, at that time, can make its ruling upon whether said evidence is admissible (Id.). As to Al-Barbarawi's claim that an unfair trial will result because a co-defendant has the same surname, the Government cites United States v. Febus, 218 F.3d 784, 798 (7th Cir. 1999) (doc. 182). In Febus, the co-defendants were charged with conspiracy and other offenses, were brothers, and had the same last name (Id.).

As noted above, the Government reiterates that those indicted together should be tried together (Id. citing United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992)). The

Government maintains that Al-Barbarawi's argument that his degree of culpability is different from his co-defendants and, thus, entitled to a separate trial is not supported by precedent (doc. 182). The Government cites United States v. Lloyd, 10 F.3d 1197 (6th Cir. 1993), in which the court considered and rejected the contentions of the defendants that the joinder of counts against them was prejudicial (Id. citing Lloyd).

In Lloyd the four defendants, along with thirteen others, were convicted of various charges resulting from their involvement in a large drug distribution conspiracy. Lloyd at 1202. One of the four co-defendants moved for severance, arguing that the counts for which he was charged had nothing to do with the activity for which his co-defendants were charged, and that evidence to be admitted against his co-defendants with regard to the conspiracy would be prejudicial to him. Lloyd at 1213-14. Subsequently, the other three co-defendants moved for severance. Id. The trial court denied the requests for severance. Id. To obviate any risks that one defendant might suffer as a consequence of evidence admitted against any other co-defendant, the judge provided special instructions. Id. at 1214. The Sixth Circuit found no error on the part of the trial court. Id. In reaching that conclusion, the Court cited its holding in United States v. Johnson, 763 F.2d 773 (6th Cir. 1985), which stated "[e]ven if a defendant established some potential jury confusion, this must be

balanced against society's need for speedy and efficient trials." Id. quoting Johnson at 777.

The Court is not persuaded that severance is necessary in the instant matter. The Court is mindful of the precedent cited by the Government - namely (1) that those defendants indicted together are best tried together and (2) that a presumption exists favoring joint trials due to their conservation of goverment funds, diminishment of inconvenience to witnesses and public authorities, and avoidance of delays in bringing the accused to trial. Furthermore, as noted by the Sixth Circuit a defendant carries a heavy burden in establishing that severance is appropriate where "charges will be proved by the same series of acts . . ." See Smith and Horton. Additionally, the Court agrees that confusion over defendants with the same first or surname is not sufficient to grant severance.

Here the Government is attempting to prove that a number of co-defendants conspired to obtain illegal licenses and/or identification cards with the help of two specific individuals - defendants Shalash and Black. Certainly, specific facts regarding each co-defendant may be slightly different. Yet, the Court does not view the circumstances in the instant matter as more deserving of severance than the circumstances found in Lloyd. As such, the Court finds, under the facts and circumstances of the instant matter, that ". . . the jury will be able to sort out the evidence

applicable to each defendant and render its verdict accordingly." <u>Horton</u> at 317.  If necessary, as noted by the Sixth Circuit, the Court can provide appropriate instructions to the jury to alleviate any concern over possible confusion that might arise.

Consequently, the Court hereby DENIES Al-Barbarawi's Motion for Relief from Prejudicial Joinder(doc. 169).


SO ORDERED.


Dated: July 6, 2005            /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge